[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
APPEARANCES:
JAYE BAILEY, ESQ.
J. WILLIAM GAGNE, ESQ. CT Page 1312
JOSEPH LANDER, ESQ.
CRAIG NORSIGIAN, ESQ.
The directive of the Court to the State Board of Labor Relations is to conduct hearings for the purpose of receiving new evidence on these six positions in order to allow the Board to determine whether those positions will be included within the bargaining unit, which was certified in — What is it, 28-24(c)?
MS. BAILEY: 28-24(c) your Honor.
THE COURT: — in 28-24(c) in the opinion dated January 6, 1993, and that all of that will be completed before May 1, 1995, so that the parties as of May 1, 1995, will be able to begin mediation proceedings with the State Board of Mediation Arbitration. In the event that cannot be accomplished on that timetable, then any of the parties shall have the right to petition the Court for a further order in this regard.
The second part of the parties' stipulation and the Court's judgment is that as to the remaining positions described in the Amended Complaint, that is the seven remaining positions, the parties will begin bargaining immediately for a contract covering those seven positions and the sixteen other positions included in the January 6th, 1993, decision in — 24-28 or 28-24?
MS. BAILEY: Oh, 28-24(c)
THE COURT: — 28-24(c) which have not been the subject of this appeal for a contract and because of the time that's passed since the issuance of the decision in 28-24(c) the CT Page 1313 parties are further stipulating and it is part of the judgment that the negotiations as to the contract for those 23 positions if not concluded with a contract by April 30, 1995, will become the subject of mediation by the State Board of Mediation and Arbitration on May 1, 1995, and thereafter if a contract has not been produced and executed by June 1, 1995, then the matter of those twenty-three positions shall become the subject on that date of binding arbitration under the State Board of Mediation Arbitration. And if the State Board of Labor Relations has completed its hearings in regard too the six positions for which the matter is being remanded to the State Board of Labor Relations, in a way which permits or in a time frame which permits those positions to be the subject of mediation and/or arbitration on the timetable which I've described relative to the twenty-three positions, then they shall proceed as part of the group which would then be a group of thirty positions. Otherwise, they will proceed separately.
Does that complete it?
MS. BAILEY: One other thing, your Honor. If the Labor Board's determination on the six positions is disagreed to by one or both of the parties, theoretically they will appeal our determination under the same case number in this case? The Court is retaining jurisdiction over the appeal of that?
THE COURT: The Court retains jurisdiction and you may simply proceed by motion. Let's think this through for a moment. Everybody has appeared in the case. If there's objection to the determination of the State Board of Labor Relations on whether or not the six positions are to be included within the bargaining unit, then that matter can be brought back before the Court simply by a Motion to — A Motion — What would we CT Page 1314 call it? Motion for further proceedings to modify the judgment.
MS. BAILEY: All right, your Honor.
THE COURT: Does that complete it?
MS. BAILEY: Yes. And if all goes well, it's a perfect world, your Honor, then we should notify the Court that it can close it's file, is that appropriate?
THE COURT: Yeah. Well, I've entered a judgment.
MS. BAILEY: Right.
THE COURT: I'm not sure that anything further is necessary.
Mr. Clerk, can we call on you? I guess not. We were disturbing you?
THE CLERK: No.
Anything further?
MS. BAILEY: I don't have anything, your Honor.
THE COURT: Let's be clear then. Also as part of the judgment any issue relating to the interpretation of enforcement of the judgment can be brought back before the Court by Motion such as I described before, Motion for Enforcement or Modification of the Judgment.
MR. LANDER: Just for clarification, your Honor, if the parties obviously mutually agree otherwise with respect to the time frames that are part of this judgment, it's my understanding that is part of the judgment, we can agree otherwise, and — CT Page 1315
THE COURT: Yeah. I think you ought to do it in writing, so that there can't be any ambiguity so that if you amend the timetable and then you don't end up with a contract or a bargaining unit that everybody's happy with, you can come back to the Court and the facts of the situation will be clear, so that you have the power to amend the timetable provided you do it in writing, and with the consent of all three. And if anybody wants to amend and can't get unamity, you can come back.
Let me just make sure that — I thought I had some other questions.
Okay.
MS. BAILEY: Thank you for your help, your Honor.
THE COURT: And I hope I don't see you again, at least in this case.
MS. BAILEY: Thank you.
(Whereupon, Court adjourned.)
The foregoing shall constitute the Judgment in this case.
Signed and dated this 9th day of February, 1995.
Honorable George Levine, Judge of the Superior Court
CERTIFICATION
This is to certify that the foregoing is a true and accurate transcript of the recording made in the above-referred to matter, heard in the Superior Court, 121 Elm Street, New Haven, Connecticut, on January 24, 1995.
Signed this 8th day of February, 1995.
Sabrina Santoro Official Court Reporter CT Page 1316